UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

Eddy Vantiger,

          Plaintiff,

          v.

Money Manager Cascadia,

          Defendant.

3:12-cv-00317-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

    Plaintiff, Eddy Vantiger ("Vantiger"), has applied to proceed *in forma pauperis* (docket #1). Because Vantiger indicates that he is not employed and has no income or assets, his application should be granted. However, for the reasons set forth below, the Complaint should be dismissed without prejudice.

## STANDARDS

    "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

1 - FINDINGS AND RECOMMENDATION

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); see also *Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## FINDINGS

Several defects in Vantiger's Complaint require *sua sponte* dismissal.

First, the Complaint does not name any person as a defendant, but simply names the "money manager" at "Cascadia." Without further identification of the person or entity being sued, the Complaint cannot be served on the defendant.

Second, the Complaint contains no facts supporting any claim and fails to even allege any claim. The portion of the form Complaint titled "Statement of Claims" is blank. The Complaint

2 - FINDINGS AND RECOMMENDATION

contains only the following handwritten statement at the bottom of the first page: "Refuse to teach – money manager – and hearing to be reevaluated." Based only on that statement, this court cannot figure out what has happened to Vantiger that may support a claim that should be resolved in federal court. Thus, the Complaint fails to comply with FRCP 8(a)(2) by containing a short and plain statement of the claim.

Third, the Complaint fails to sufficiently allege any basis for jurisdiction. Vantiger has checked the box for "Federal Question" jurisdiction, adding below the handwritten notation: "rules – regs and codes." Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Since Vantiger does not allege any claim for violation of any federal law or provision of the United States Constitution, this court has no federal question jurisdiction under 28 USC § 1331.

## RECOMMENDATION

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED. However, for the reasons set forth above, the Complaint should be DISMISSED without prejudice. Plaintiff should be given 30 days to file an amended complaint curing the defects described above and warned that failure to file an amended complaint will result in dismissal with prejudice.

Unfortunately, Vantiger failed to leave any address with the Clerk's office when he filed his Complaint. The Clerk's office called Cascadia Behavioral Healthcare which had no one by

the name of Vantiger registered with that service.  The Clerk's office has been unable to find any address for Vantiger through the White Pages or Google.  Because this Finding and Recommendation cannot be mailed to Vantiger, the Clerk's office is ordered to hand deliver a copy to him, if and when he next appears in person.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Thursday, March 15, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED February 27, 2012.

                                                                         s/ Janice M. Stewart  
                                                                         Janice M. Stewart  
                                                                         United States Magistrate Judge